12-2637
Dong v. Holder

BIA
A 078 743 440

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand fourteen.

PRESENT:
　　　　JON O. NEWMAN,
　　　　DENNIS JACOBS,
　　　　DENNY CHIN,
　　　　　　*Circuit Judges.*
_____

SHENG QUI DONG,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　　　12-2637
　　　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　　Vlad Kuzmin, New York, New York.

FOR RESPONDENT:　　　　Stuart F. Delery, Acting Assistant
　　　　　　　　　　　　Attorney General; Leslie McKay,
　　　　　　　　　　　　Assistant Director; Sara J. Bergene,
　　　　　　　　　　　　Trial Attorney, Office of
　　　　　　　　　　　　Immigration Litigation, United
　　　　　　　　　　　　States Department of Justice,
　　　　　　　　　　　　Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sheng Qui Dong, a native and citizen of China, seeks review of a February 9, 2011, decision of the BIA, denying his motion to remand proceedings to the immigration judge ("IJ"). *In re Sheng Qui Dong*, No. A078 743 440 (B.I.A. Feb. 9, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's decision to deny a motion to remand for abuse of discretion. *Li Yong Cao v. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005). An alien seeking a remand for consideration of new evidence must demonstrate that the evidence to be offered "is material and was not available and could not have been discovered or presented at the former hearing." *See* 8 C.F.R. § 1003.2(c)(1).

Dong does not meaningfully challenge the BIA's dispositive determination that his evidence of ineffective assistance was previously available and could have been presented in his prior appeal to the BIA*. See Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). While Dong

2

asserts that he pursued his ineffective assistance claim diligently, he does not argue that his evidence was unavoidable at the time of his first appeal to the BIA, nor does he articulate any steps he took to obtain evidence between the time he first became aware of his prior counsel's possible misconduct (in 2004) and when he submitted documents in support of his claim (in November 2006), after the BIA had already dismissed his first appeal of this issue for failure to comply with *Matter of Lozada*. *See* 8 C.F.R. § 1003.2(c)(1); *see also Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006); *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

The agency therefore did not abuse its discretion in declining to remand for further consideration of his claim. Because this finding is dispositive of Dong's claims, we decline to reach the agency's alternative bases for rejecting his claim of ineffective assistance of counsel or denying asylum. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk